UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

MIKEL W. ENNIS,

*Petitioner-Appellant,*

v.

KEITH OLSEN,

*Respondent-Appellee.*

No. 00-7361

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Alexander Harvey II, Senior District Judge.
(CA-00-2586-H)

Submitted: December 8, 2000

Decided: December 22, 2000

Before NIEMEYER and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Mikel W. Ennis, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Mikel W. Ennis seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2241 (1994) petition. As a general rule, federal prisoners must pursue post-conviction relief by filing a motion pursuant to 28 U.S.C.A. § 2255 (West Supp. 2000).* Section 2255, however, contains a "savings clause" that allows federal prisoners to proceed under § 2241 when a motion under § 2255 would prove "inadequate or ineffective to test the legality of . . . detention." A § 2255 motion is "inadequate or ineffective" when three criteria are met:

(1)   at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;

(2)   subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

(3)   the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

We find that Ennis failed to meet the criteria established in *Jones*. Consequently, we affirm the district court's order denying relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

*Ennis never filed a motion pursuant to 28 U.S.C.A. § 2255 (West Supp. 2000) and does not do so now because, as he concedes in his § 2241 petition, such a motion would be time-barred.